UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Miscellaneous Case No.: 08 MC _____

6:08-mc-137-Orl-31KRS

MONEX FINANCIAL SERVICES LTD., et ano,

Plaintiffs,

-against-

NOVA INFORMATION SYSTEMS, INC.,

Defendant.

Case No.: 07 Civ. 5837 (WHP)
(pending in the United States District Court for the Southern District of New York before the Honorable William H. Pauley)

**EMERGENCY APPLICATION AND MOTION TO ENFORCE SUBPOENA AND COMPEL THE DEPOSTION OF MARK A. SIVLERMAN AND SUPPORTING MEMORANDUM OF LAW**

Monex Financial Services Ltd. and Planet Payment Inc. (collectively, "Plaintiffs") bring this motion pursuant to Federal Rules of Civil Procedure 30 and 45 to compel the deposition testimony of Mark A. Silverman ("Silverman").

The Declaration of Richard L. Crisona of Abelman, Frayne & Schwab[1] dated December 10, 2008 ("Crisona Decl."), and attached as Exhibit 1, and the Declaration of Ed Young dated December 11, 2008 ("Young Decl.") and attached as Exhibit 2, are submitted in support of this motion. As explained in the Crisona Declaration (at ¶¶ 18-19) and pursuant to Local Rule 3.01(g), counsel for Plaintiffs (Abelman, Frayne & Schwab), Defendant and Mark Silverman conferred, telephonically

---

[1] Shutts & Bowen LLP represents Plaintiffs in connection with the proceeding filed in this Court. The law firm of Abelman, Frayne & Schwab represents Plaintiffs in the Federal Action and State Action (as defined below) that are pending in New York.

and through correspondence and email, in a good faith effort to resolve this dispute. Despite those discussions, the parties have been unable to do so. Plaintiffs and Defendant agree that the Silverman's deposition should proceed pursuant to the subpoena, but Silverman refused to appear.

Plaintiffs request emergency treatment of this motion under Local Rule 3.01(e) because of an existing December 31, 2008 discovery cut-off in the action in which Silverman's deposition is being sought. The ordinary motion briefing schedule under Rule 3.01 may likely prevent this motion from being determined before the discovery cut-off. Plaintiffs subpoenaed Silverman for a deposition to occur on December 8, well within the discovery cut-off period, and have filed this motion timely after being advised by Silverman's counsel that Silverman would not appear. Plaintiffs are attempting to seek Defendant's and the Court's consent to extending the cut-off to permit Silverman's deposition after the determination of this motion, but they have not yet been able to complete that process.

## INTRODUCTION

This motion arises from the refusal by Silverman to comply with a duly issued and served subpoena requiring his deposition testimony. Arrogating to himself the right to decide whether he will obey the subpoena, Silverman, through his counsel, advised Plaintiffs that he will not appear for his deposition in an action styled *Monex Financial Services Ltd., et ano v. Nova Information Systems, Inc.*, 07 Civ. 05837 (WHP) (the "Federal Action"). Silverman's stated reason is that he has already been deposed as a defendant in a *different* action pending in the Supreme Court of the State of New York,

2

County of Nassau, styled *Monex Financial Services Ltd., et ano v. Dynamic Currency Conversion, Inc. and Mark A. Silverman*, 21215/06, (the "State Action") and it is therefore unduly burdensome and harassing to be deposed again in this action against a *different* defendant. Instead of complying with the subpoena as he is required by law to do, Silverman has instead proposed that the defendant in the Federal Action, Nova Information Systems, Inc. ("Nova"), agree that the deposition transcript from State Action be deemed to be as if it had been taken in that action, and Silverman would then consent to be cross-examined by Nova based on the transcript from the State Action. Lacking any basis in the law for that request, Nova has declined to agree to Silverman's proposal, and instead insists upon its right under the Federal Rules of Civil Procedure to depose Silverman in accordance with those rules, thus necessitating this application.

## STATEMENT OF FACTS

### A. The Federal Action

The Federal Action was commenced with the filing of the Summons and Complaint in the United States District Court for the Southern District of New York on June 20, 2007. (Crisona Decl. Exh. A) Plaintiffs are the two plaintiffs in the action, and Nova is the sole defendant. The Complaint alleges two claims for relief based on Nova's breach of a contract, known as the Teaming Agreement, that was entered into between Plaintiffs and a company called Global Card Services, Inc. ("GCS"). Nova expressly assumed GCS' obligations under the Teaming Agreement after it purchased substantially all of GCS' assets in 2006. (*Id.* ¶ 3)

3

Except for two depositions that were held in August 2008, deposition discovery in the Federal Action began in October 2008. Discovery has substantially concluded in the Federal Action, although, as explained in greater detail below, the Court extended the discovery period through the end of December 2008 to complete certain depositions – including the Silverman deposition at issue in this application. (*Id.* ¶ 4)

### B. The State Action

The State Action was commenced with the filing of the Complaint in the Supreme Court of the State of New York, County of Nassau on December 15, 2006. (*Id.* Exh. B) Plaintiffs are the two plaintiffs in the action. The defendants in the State Action are Silverman, who was formerly the president of GCS, and a company known as Dynamic Currency Conversion, Inc. ("DCCI). Plaintiffs served an Amended Complaint on Silverman and DCCI on January 10, 2008. (*Id.* ¶ 5) Following defendants' motion practice, the Amended Complaint has three remaining claims: (1) that Silverman and DCCI tortiously interfered with the Teaming Agreement (the same contract that is the subject of the Federal Action); (2) that Silverman tortiously interfered with Plaintiffs' business relations with Royal Caribbean Cruises, a customer of Plaintiffs and GCS under the Teaming Agreement; and (3) that Silverman tortiously interfered with Plaintiffs' business relations with Princess Cruise Lines, a company that Plaintiffs and GCS expected would become their customer under the Teaming Agreement. (*Id.* ¶ 6)

Deposition discovery in the State Action began in January 2008, and all discovery closed on November 14. Silverman was deposed by Plaintiffs in the State Action pursuant to notice on July 24 and 25 – before deposition discovery in the Federal

4

Action began. Silverman was deposed for another day in the State Action, pursuant to Court order, on November 14. There is no dispute that, since Nova was not present for this testimony, the transcripts of Silverman's testimony in the State Action cannot be entered into evidence in the Federal Action (other than for impeachment purposes if Silverman testifies) without Nova's consent. Nova, as explained in more detail below, has declined to consent. (*Id.* ¶ 7)

Given the common issues in the Federal Action and the State Action – *i.e.*, whether or not GCS breached the Teaming Agreement in part through Silverman's conduct – there can be no dispute that Silverman's testimony is relevant to both actions. Indeed, Silverman has not disputed the relevance of his testimony to the Federal Action; he merely asserts that it would be burdensome for him to have to give testimony to Plaintiffs in that action, although he claims that he will consent to Nova's questioning of him in that action.

## C. The Service of the Subpoena on Silverman

Plaintiffs first issued a subpoena for Silverman in the Federal Action on September 25, 2008 directing Silverman to appear at the offices of Shutts & Bowen LLP in Orlando, Florida on October 21, 2008 at 10:00 AM. Plaintiffs also served Nova with a Notice of Deposition noticing Silverman's deposition for that time and place. (*Id.* ¶ 8)

Soon thereafter, the subpoena was sent out for service with an experienced and licensed process server. (*Id.* ¶ 9) Shortly before October 6, 2008, the process server went to Silverman's residence and was told by Silverman's wife that Silverman was out of town, and that he would be returning home on October 6. The process server returned to

Silverman's residence on October 6 and was told by Silverman's wife that Silverman had decided not to return home at that point, but that he would be returning home later that week. (Young Decl. ¶¶ 3-4) On or about October 9, the process server returned to Silverman's residence and was told that Silverman was still away. (*Id.* ¶ 5) Service was attempted by the process server unsuccessfully one additional time over the weekend of October 11 and 12. (*Id.* ¶ 6)

Simultaneous with the efforts to serve Silverman personally – and given the difficulties in doing so – Plaintiffs sent a copy of the subpoena to Silverman *via* Federal Express on October 7. A copy of the subpoena with the cover letter to Silverman was also sent by email to Silverman's counsel in the State Action – the same counsel who now also represents Silverman in connection with this subpoena. Since Plaintiffs had intended to ship the Federal Express parcel to Silverman with a request for a receipt for delivery but inadvertently did not request the receipt, Plaintiffs sent another copy of the subpoena to Silverman *via* Federal Express with a receipt requested. Delivery of that package was refused, apparently by Silverman's wife. (*Id.* ¶ 11)

On October 10, Silverman's counsel in the State Action wrote to Plaintiffs' counsel objecting to the Federal Express service on Silverman (and to the fact that the appearance fee had not been tendered with the copy of the subpoena in the Federal Express package). Silverman's counsel also agreed to accept service of the subpoena, but insisted that Silverman would only be made available for one additional day of deposition on November 12, 2008, which had to combine a third Court-ordered day of deposition in the State Action with the deposition in the Federal Action. (*Id.* ¶ 12)

On October 13, 2008, Plaintiffs' counsel wrote to Silverman's counsel citing case law from this District showing that the subpoena had been properly served and objecting to Silverman's insistence on being deposed in both actions on a single day. Silverman's counsel responded by letter on October 15, again stating that Silverman would only be made available in both the State Action and Federal Action for a single day – November 12 (later changed to November 14). (*Id.* ¶ 13)

Even if Plaintiffs had been willing to agree to Silverman's improper refusal to appear for his deposition separately in the State Action and the Federal Action, they still needed leave of the Federal Court because discovery had initially been scheduled to close in the Federal Action on October 31, 2008. On October 28, 2008, Plaintiffs wrote to the Court in the Federal Action asking, among other things, for leave to take Silverman's deposition in the Federal Action on November 14 as demanded by Silverman. On November 4, 2008, the Court denied Plaintiffs' application because of the Court's view that Plaintiffs had failed to comply with the Court's Individual Practices. (*Id.* ¶ 14)

On November 10, 2008, Plaintiffs submitted a stipulation to the Court in the Federal Action signed by all Plaintiffs and Nova providing, among other things, that Silverman's deposition could be completed by December 31, 2008. The Court in the Federal Action issued a Scheduling Order on November 19, providing, in part that discovery was extended until December 31 for the purpose of completing certain depositions, including the Silverman deposition. (*Id.* ¶ 15)

Because, however, discovery in the State Action was due to close on November 14, Plaintiffs had no choice but to proceed with the deposition of Silverman in the State Action. On November 13, Plaintiffs' counsel emailed Silverman's counsel advising:

> Please note that since Judge Pauley has not yet extended the discovery schedule in the [Federal Action], plaintiffs' subpoena to Mr. Silverman in the [Federal Action] is adjourned without date. The deposition of Mr. Silverman tomorrow will proceed only in the [State Action].

Silverman's counsel responded by email, stating:

> We understand that Judge Pauley has ruled that Plaintiffs are not entitled to take Mr. Silverman's deposition in the Federal Action. Accordingly, we do not agree that the subpoena is adjourned without date, and consider the subpoena to be quashed. As we have previously explained, Mr. Silverman's appearance tomorrow will be the last and final time that Mr. Silverman will give any deposition testimony concerning any issues involved in the State Action, whether or not those issues overlap with any other case in which your clients are parties. (*Id.* ¶ 16)

Plaintiffs did not agree that the original subpoena to Silverman (that Silverman's counsel had accepted service of) had in fact been quashed. But rather than engage Silverman in that debate, after the Court in the Federal Action issued the latest Scheduling Order, Plaintiffs served Silverman with another subpoena and a check for the appearance fee *via* Federal Express on November 24, 2008. That package was delivered to Silverman's residence on November 25.[2] Plaintiffs also sent a copy of the subpoena to Silverman's counsel. There is no dispute that both Silverman and his counsel actually and timely received copies of the subpoena. (*Id.* ¶ 17)

---

[2] Because Silverman had refused an earlier package that requested a receipt, Plaintiffs did not request a recept, but have confirmed delivery of the package to Silverman's residence. (Crisona Decl. ¶ 17)

8

On December 3, 2008, Silverman's counsel nevertheless wrote to Plaintiffs' counsel again objecting to service by Federal Express, and again refusing to appear for the deposition because Silverman had already been deposed in the State Action. In the circumstances, Silverman's counsel claimed that "to require Mr. Silverman to sit for a fourth day of questioning is plainly unreasonable, harassing and unduly burdensome." In a subsequent conversation between counsel in an effort to resolve the issue, Silverman's counsel proposed that Nova consent to using the State Action transcript in the Federal Action, and offered to make Silverman available for cross-examination by Nova based on that transcript. Nova declined that proposal, insisting its right to have the deposition proceed as specified in the Federal Rules of Civil Procedure, necessitating this application. (*Id.* ¶¶ 18, 19)

## MEMORANDUM OF LAW

As more fully stated above, Silverman argues that the September 25, 2008 subpoena in the Federal Action – service of which was accepted by counsel on behalf of Silverman – has been "quashed," which thus relieved Silverman from appearing in response to that subpoena. Silverman further contends that he need not appear or move for a protective order in response to the November 24 subpoena because he objects to the service by mail of that subpoena – even though he cannot dispute that he and his counsel actually and timely received a copy of the subpoena. There is no sound legal basis for Silverman's positions.

**I. SILVERMAN SHOULD BE COMPELLED TO TESTIFY IN RESPONSE TO PLAINTIFFS' SUBPOENAS.**

**A. The September 25, 2008 Subpoena Was Never "Quashed."**

9

Silverman, through his counsel, accepted service of the September 24 subpoena, which was adjourned pursuant to the Federal Rules of Civil Procedure pending a discovery extension by the Court. It is clear from the record in the Federal Action that the Court rejected Plaintiffs' original request for an extension simply because of the Court's view that the application did not conform to the Court's individual practices. In the context of denying the application, the Court never questioned the propriety of the September 25, 2008 subpoena to Silverman nor did the Court ever issue an order quashing or vacating the subpoena. Indeed, the Court never even addressed the subpoena, although the Court did ultimately extend the discovery period so that the Silverman deposition could be taken.

Rule 45(c) of the Federal Rules of Civil Procedure sets forth the necessary procedures for the quashing or modification of a subpoena, *i.e.*, by timely motion made in the district court from which the subpoena issued. Fed. R. Civ. P. 45(c)(3)(A). In this case, Silverman filed no such motion in response to the September 25, 2008, subpoena and, therefore, it is untenable for Silverman to unilaterally declare the subpoena to have been "quashed." To the contrary, Silverman's counsel accepted service of the subpoena and agreed to make Silverman available for deposition in response thereto, albeit with certain improper conditions. On November 19, 2008, the Court issued a Scheduling Order allowing the deposition of Silverman to take place at some time prior to December 31, 2008, and that deposition should now proceed pursuant to the September 25 subpoena. But as a practical matter, the issue of the continued effectiveness of the September 25, 2008 subpoena has been rendered moot by the fact that Plaintiffs have

supplemented that subpoena with a newly issued subpoena dated November 24, 2008, which has been duly served upon Silverman.

**B. Service of the November 24, 2008 Deposition Subpoena by Mail Is Effective.**

Fed. R. Civ. P. 45(b)(1) states that: "Serving a subpoena requires delivering a copy to the named person ..." Plaintiffs delivered the November 24, 2008, subpoena to Silverman by Federal Express and confirmed that the subpoena was delivered to Silverman's residence on November 25, 2008. Plaintiffs also sent a copy of that subpoena to Silverman's counsel on that date. The Court in *Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, *2 (M.D.Fla. 1999), found that service of a subpoena on a nonparty witness by U.S. Mail was effective under Rule 45 noting that "nothing in the plain language of the Rule requires personal service." *See King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (personal service of a Rule 45 subpoena is not necessary "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness."); *see also In re Falcon Air Express, Inc.*, 2008 WL 2038799, *5 (Bankr.S.D.Fla. 2008) (holding that substitute service can satisfy the requirements of Rule 45).

Here, there is no question that Silverman received the November 24, 2008 subpoena in a manner which insured that he had ample to time to file a motion to quash if he so desired. Further, there is no question that Silverman's counsel promptly received notice of the subpoena. Clearly, Silverman suffered no prejudice as a result of Plaintiffs' service of the subpoena by means of Federal Express. Plaintiffs have fully complied with all of the procedural requirements of Rule 45. It is therefore respectfully requested that

the Court compel Silverman to appear for deposition in the Federal Action pursuant to Plaintiffs' duly issued and served subpoenas. In light of the fact that Silverman accepted service of the September 25 subpoena and that Silverman and his counsel inarguably received the November 24 subpoena, it would exalt form over substance to find service inadequate here.

### C. Silverman Should Be Compelled to Testify.

Within the Court's inherent powers lies the power to enforce compliance with its lawful orders. *United States v. Barnett*, 129 F.3d 1179, 1182, fn. 7 (11th Cir.1997), citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir.1991); *Popular Bank of Florida v. Banco Popular De Puerto Rico*, 180 F.R.D. 461, 465 (S.D.Fla.1998). Petitioners have demonstrated that they have complied with Fed. R. Civ. P. 45 in connection with both the September 28, 2008, and November 24, 2008, subpoenas to Silverman. Once this prima facie showing is made, the burden is shifted to Silverman to raise any objections. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (party moving to quash the subpoena has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive).

In this case, Plaintiffs have shown that two subpoenas in the Federal Action were duly issued and served upon Silverman. It then became Silverman's burden, which he cannot meet, to show that compliance with the subpoena would be unreasonable and oppressive.

Silverman's counsel's bald statement that requiring Silverman to appear for deposition in the Federal Action, a case involving a different defendant and some

different issues from the State Action, is "unreasonable, harassing and unduly burdensome" does not present a basis to allow Silverman to ignore a duly issued subpoena from this Court.[3] Silverman does not claim that his testimony is irrelevant to or not discoverable in the Federal Action. His only contention is that since he has already been deposed in the State Action, it is somehow unfair to depose him in the Federal Action. Nor does Silverman account for the prejudice to Petitioners in the Federal Action which will result if Silverman's testimony cannot be secured for that case. Moreover, Silverman has not, to date, independently presented such arguments to the Court in the form of a motion to quash pursuant to Rule 45. He has simply refused to comply. Silverman has no grounds to refuse to obey the subpoena, and his deposition should be compelled.

---

[3] Silverman's offer to make himself available for cross-examination by Nova's counsel (Crisona Decl. ¶ 19) undermines his claim that an additional day of deposition (limited to seven hours by the applicable rules) would be unduly burdensome or oppressive and exposes Silverman's true aim: to deny Plaintiffs the right to develop the record they need for the Federal Action.

## CONCLUSION

For all the foregoing reasons, Silverman should be compelled to testify in response to Plaintiffs' subpoenas, and the Court should grant such additional relief as it deems just and proper.

Dated: December 11, 2008

Of Counsel in
Federal Action:
ABELMAN, FRAYNE & SCHWAB
Richard L. Crisona
Anthony J. DiFilippi
John H. Choi
666 Third Avenue
New York, New York 10017
(212) 949-9022

SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida  32801-5403
Mailing Address:
P. O. Box 4956
Orlando, Florida  32802-4956
Telephone:  (407) 423-3200
Facsimile:  (407) 425-8316

By: /s/ Mary Ruth Houston
MARY RUTH HOUSTON
Florida Bar No. 834440

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 11, 2008, I caused a true and complete copy of the foregoing MOTION TO ENFORCE SUBPOENA AND COMPEL THE DEPOSTION OF MARK A. SIVLERMAN to be served as follows:

| | |
|---|---|
| Via Hand Delivery: | Charles E. Dorkey III (CD 8422)<br>McKenna Long & Aldridge LLP<br>230 Park Avenue<br>Suite 1700<br>New York, New York 10169 |
| Via Federal Express: | Jeremy M. Moeser (Georgia Bar No. 515198)<br>McKenna Long & Aldridge LLP<br>303 Peachtree Street, N.E.<br>Suite 5300<br>Atlanta, Georgia 30308<br><br>Attorneys for Nova Information Systems, Inc. |
| Via Hand Delivery: | David I. Zalman, Esq.<br>Kelley, Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178-0002<br><br>Attorneys for Mark A. Silverman |

*Mary Ruth Houston*
OF COUNSEL

ORLDOCS 11370444 2