# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MONEX FINANCIAL SERVICES LTD,**
**PLANET PAYMENT, INC.,**                                       **Case No.  6:08-mc-137-Orl-31KRS**

                              **Plaintiffs**

**v.**

**NOVA INFORMATION SYSTEMS, INC.**

                              **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **EMERGENCY APPLICATION AND MOTION TO ENFORCE SUBPOENA AND COMPEL THE DEPOSITION OF MARK A. SILVERMAN (Doc. No. 1)** |
| **FILED:** | **December 11, 2008** |

Plaintiffs Monex Financial Services Ltd. and Planet Payment, Inc. move to compel the

deposition of non-party Mark A. Silverman, who resides within this Court's jurisdiction.  Plaintiffs

file this motion as an emergency application because the presiding judge set a discovery deadline of

December 31, 2008.[1]

_____

[1] The underlying case is pending in the United States District Court for the Southern District
of New York, No. 1:07-cv-5837-WHP.

I.      **FACTUAL BACKGROUND.**

     A.      **The September 24 Subpoena.**

Plaintiffs first issued a subpoena on September 24, 2008, commanding Silverman to appear for a deposition scheduled on October 21, 2008.  Declaration of Richard L. Crisona ("Crisona Decl.") Doc. No. 103 ¶ 17.[2]  Plaintiffs were unable to serve Silverman personally due to his absence from his residence.  Declaration of Edwin E. Young, Doc. No. 1-11 ¶¶ 3-6.

On October 7, 2008, Plaintiffs sent a copy of the subpoena to Silverman by Federal Express without a request for a delivery receipt.  Crisona Decl. ¶ 11.  A copy of the subpoena and a cover letter was sent simultaneously to Silverman's attorney.  *Id*.  Plaintiffs sent a second copy of the subpoena to Silverman by Federal Express with a delivery receipt requested, but delivery of the package was refused.  *Id*.

On October 10, 2008, Silverman's counsel wrote to object to the effectiveness of service based on the method of delivery and the absence of a witness fee.  *Id*. ¶ 12.  Silverman's counsel agreed to accept service of the subpoena if the deposition took place on November 14, 2008,[3] and was held in connection with Silverman's deposition in a related state court case that was scheduled for that date.  *Id*.  Silverman's counsel asserted that this date, which was a third day of deposition in the state court case, would be the last time Silverman would appear for deposition.  *Id.*

---

    [2]  The Court notes that many of the statements contained in Crisona's declaration are made on information and belief and/or constitute hearsay, and thus do not constitute proper evidence.

    [3]  Crisona provides contradictory statements about the date of the deposition in the state court case, but a review of the declaration in its entirety leads me to believe that the date was November 14 and not November 12.

Although Plaintiffs disagreed with the legal position of Silverman's counsel, they sought an extension of the discovery deadline from October 31, 2008, to permit the taking of Silverman's deposition. *Id.* ¶ 14. The court denied the request on November 4, 2008, because Plaintiffs' request for an extension did not comply with court practices. *Id.*

On November 10, 2008, the parties filed a stipulation agreeing that Silverman's deposition could be completed by December 31, 2008, and requested that the court extend the discovery deadline for that purpose. *Id.* ¶ 15. Because the court had not ruled as of November 13, 2008, Plaintiffs informed Silverman's counsel that they would depose Silverman in the related state court action only with respect to the state action and not also with respect to the federal case. *Id.* ¶ 16, Ex. F. Plaintiffs notified Silverman's counsel that they were adjourning the federal subpoena. *Id.* Silverman's counsel responded that he did not agree to adjourn the subpoena without a date and considered the subpoena quashed. *Id.*

### B.     The November 24 Subpoena.

The court granted the parties' request for an extension to take Silverman's deposition on November 19, 2008. *Id.* ¶ 15. Plaintiffs issued a second subpoena dated November 24, 2008, commanding Silverman to appear to deposition on December 8, 2008. *Id.* ¶ 17. The subpoena and witness fee check were sent by Federal Express to Silverman's residence, and delivery of the package on November 25, 2008, was confirmed through Federal Express. *Id.* A courtesy copy also was sent by electronic mail to Silverman's attorney. *Id.*; Ex. G.

On December 3, 2008, Silverman's attorney wrote to Plaintiffs' counsel to again object to the method of service.  *Id*. ¶ 18.  He also objected that a fourth day of deposition for Silverman was "unreasonable, harassing and unduly burdensome."  *Id.*

## II.     ANALYSIS.

### A.     Compliance Based on the September 24 Subpoena.

Plaintiffs assert that Silverman's counsel accepted service of the September 24 subpoena and, because the court never quashed the subpoena, Silverman may be compelled to attend the deposition. Silverman's acceptance of service of the subpoena, however, was conditional.  As Plaintiffs did not meet the conditions imposed by Silverman's counsel for acceptance of service, there was no effective agreement.  Therefore, there is no basis to enforce the September 24 subpoena.

### B.     Compliance Based on the November 24 Subpoena.

Plaintiffs assert that service of the subpoena issued on November 24, 2008, was effective because the subpoena and the witness fee check were sent to Silverman at his residence by Federal Express and delivery of the package on November 25, 2008, was confirmed through Federal Express. Crisona Decl. ¶ 17.

Federal Rule of Civil Procedure 45 governs service of subpoenas upon nonparties.  Subpart (b)(1) provides in relevant part:

> Any person who is at least 18 years old and not a party may serve a subpoena.  Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Fed. R. Civ. P. 45(b)(1).  Plaintiffs cite no controlling authority that service of the subpoena may be effected through delivery of a subpoena through Federal Express.  Indeed, "the longstanding

-4-

interpretation of Rule 45 has been that personal service of subpoenas is required," although there is a split in authority as to this issue.  9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, CIV. 2D § 2454.  Further, binding precedent in this jurisdiction holds that service of a subpoena upon a witness's attorney, instead of the witness himself, is ineffective. *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).

Plaintiffs made no effort to deliver the subpoena for the December 8, 2008 deposition personally to Silverman.  The evidence does not establish that Silverman personally received the subpoena.  Under these circumstances, and in the absence of controlling authority holding that a Rule 45 deposition subpoena is effectively delivered via a Federal Express delivery to the deponent's residence, Plaintiffs have failed to establish effective delivery of the subpoena for the December 8, 2008 deposition.

## C.    Insufficient Notice.

Even if the subpoena were effectively delivered on November 25, 2008, Plaintiffs gave insufficient notice to conduct a deposition on December 8, 2008.  Local Rule 3.02 requires a noticing party to give ten days written notice to all parties and the deponent, if the deponent is not a party. There were only eight business days between November 25, 2008 and December 8, 2008.[4]  As such, the deposition was not timely noticed.

## D.    Entitlement to Take Silverman's Deposition.

I note that Silverman's attorney believes that the presiding judge in the underlying case has ruled that Plaintiffs may not take Silverman's deposition in this case.  Ex. F.  No specific order was

---

[4] As the time period is less than 11 days, weekends and holidays are excluded.  Fed. R. Civ. P. 6(a)(2).

cited and it is not apparent from the docket sheet for the underlying case that such an order has been entered.  To avoid further disputes regarding the deposition, Silverman should file a motion for a protective order in the court in which the underlying proceeding is pending to resolve the issue of whether he may be deposed in the present case.

## III.   CONCLUSION.

For the reasons stated above, the Emergency Application and Motion to Enforce Subpoena and Compel Deposition of Mark A. Silverman is **DENIED**.  Plaintiffs' counsel is directed to immediately serve a copy of this order on defense counsel and Silverman's counsel.

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

-6-